## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Olivia Green/Robinson, | ) | **CASE NO.  05-CV-2992** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Ocwen Loan Servicing, LLC, *et al.* | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Defendants. | ) | |

**INTRODUCTION**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") has filed a motion for summary

judgment (Doc. 12, filed Mar. 1, 2006) which Plaintiff Olivia Green/Robinson has not opposed.

This case arises from alleged illegal acts of defendants related to Plaintiff's procurement of

loans.  For the reasons that follow, Ocwen's motion is GRANTED.

1

**BACKGROUND**

Plaintiff's Complaint sets forth the following allegations regarding Ocwen.  Ocwen is a loan servicing corporation in the business of effecting and soliciting home loan transactions that regularly extended or offered credit for which a finance charge was imposed.  (Comp. ¶¶ 2-4).  Ocwen induced Plaintiff to sign a contract to refinance her home, and on information and belief acted as a mortgage broker on the transaction.  (Comp. ¶ 13).  Ocwen discussed the loan with Plaintiff over the phone on a number of occasions, and Plaintiff eventually signed a first mortgage for $35,000 "working with Ocwen's loan representative."  (Comp. ¶¶ 14-17).  Among other things, Plaintiff claims that the loans included unconscionable amounts and interest rates and were based on illegal terms.  (Comp. ¶ 23).  She also alleges that Ocwen conspired with the other defendants to illegally deprive her of the proceeds and benefits of the loan transactions.  (Comp. ¶ 33).

Plaintiff brings seven counts.  Each of those counts is based on Ocwen's alleged role in the loan transaction.  Count I (Real Estate Settlement Procedures Act) alleges that Ocwen is a "mortgage lender" subject to the act.  Count 2 (Negligent Misrepresentation and Intentional Infliction of Emotional Distress) alleges that Ocwen made material misrepresentations with respect to the loan Plaintiff entered into.  Count 3 (Breach of Fiduciary Duty) alleges that Ocwen breached a fiduciary duty to Plaintiff "by arranging a mortgage loan on financing terms that were contrary to Plaintiff's interest."  Counts 4 and 5 allege Civil Conspiracy and a Civil RICO violation by the defendants "[i]n connection with the application for, and consummation of the mortgage loan made with Plaintiff . . . ."  Count 6 (Breach of Contract) includes an allegation that Ocwen "entered into a contract with Plaintiff" by "accepting Plaintiff's offer of finding a

2

mortgage loan for her . . . ."  Finally, Count 7 (Fraudulent Misrepresentation) alleges that Ocwen

"entered into the mortgage transactions with the Plaintiff, knowing or should have known [*sic*]

because of her background facts and financial situation that she would not be able to repay all of

her obligations in full."

In support of its motion, Ocwen has provided the affidavit of Nichelle Jones and the

original note and mortgage.  The Jones affidavit avers that Ocwen is not and has never been a

lender to Plaintiff, that Ocwen did not participate in helping Plaintiff obtain any loan, and that

Ocwen does not have any interest in any of Plaintiff's loans or property.  (Aff. ¶¶ 8-10, 12-14).

Both the note and mortgage indicate the mortgage lender as "Contimortgage Corporation."  (Ex.

2-3, Aff. ¶ 3). That loan has since been transferred to Wells Fargo Delaware Trust Company,

Trustee for the Ellington Acquisition Trust 2005-1.  (Aff. ¶ 4).  Ocwen's only role in the loans is

as the loan servicer, collecting payments due to the lender or holder of the note.  (Aff. ¶ 5-6).

### DISCUSSION

In accordance with Federal Rule of Civil Procedure 56, summary judgment is appropriate

when no genuine issues of material fact exist and the moving party is entitled to judgment as a

matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. UAW Local

600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine

issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the

3

lawsuit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, all of Plaintiff's claims against Ocwen are based upon Ocwen's alleged role in the

acquisition of one of Plaintiff's loans.  Ocwen has provided uncontroverted evidence that it is not

and has never been a lender to Plaintiff, that it did not participate in helping Plaintiff obtain any

loan, and that it does not have any interest in any of Plaintiff's loans or property.  Ocwen merely

services one of Plaintiff's loans.  Accordingly, Ocwen has met its burden as to each of Plaintiff's

claims.

　　　　Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

　　　　In ruling upon the motion, the court must afford all reasonable inferences and construe

the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of

Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557,

562 (6th Cir. 1985).  However, "[t]he nonmoving party must come forward with some significant

probative evidence to support its claim.  If the nonmoving party fails to make a sufficient

showing on an essential element, which it has the burden of proof, the moving party is entitled to

summary judgment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir.

2005) (citing *Celotex*, 477 U.S. at 323-24).  Here, Plaintiff did not respond to Ocwen's motion,

and has thus failed to come forward with any probative evidence to support her claims against

4

Ocwen.

## **CONCLUSION**

For the foregoing reasons, Ocwen's motion for summary judgment is GRANTED.


IT IS SO ORDERED.



/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge



Dated:  5/10/06