IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **OLIVIA GREEN/ROBINSON,** | ) CASE NO. 1:05 CV 2992 |
| | ) |
| Plaintiff, | ) **JUDGE GAUGHAN** |
| | ) **MAGISTRATE PERELMAN** |
| vs. | ) |
| | ) **ORDER GRANTING MOTION FOR** |
| **OCWEN LOAN SERVICING, LLC,** *et al.*, | ) **DEFAULT JUDGMENT** |
| | ) |
| Defendants. | ) |

Intervening Counterclaimant Wells Fargo Delaware Trust Company, as Trustee for Ellington Acquisition Trust 2005-1 ("Wells Fargo") filed a Motion requesting default judgment in its favor against Plaintiff Olivia Green-Robinson ("Green"), CitiFinancial Mortgage Company, Inc. ("Citi"), State of Ohio ("Ohio"), and Federal Home Loan Mortgage Corporation ("Freddie Mac").  The Court finds that Wells Fargo was granted leave to intervene and file an Intervener's Complaint on March 6, 2006.  On March 30, 2006, Wells Fargo filed its Intervener's Counterclaim and served Green.  Wells Fargo also served New Party Defendants Citi (April 11, 2006), Ohio (April 14, 2006), and Freddie Mac (April 12, 2006), as well as the County Treasurer and SN Commercial.  SN Commercial and the County Treasurer filed Answers, but Green, Citi, Ohio, and Freddie Mac have not answered.

Olivia Green-Robinson executed a Note in the amount of $54,400.00 payable to Contimortgage on or about July 17, 1998.  She also signed a Mortgage on the real property located at 10905 Dove Avenue, Cleveland, Ohio 44105 to secure the Note.  The Mortgage was filed with the Recorder's Office of Cuyahoga County, Ohio.  The rights under the Note and Mortgage were subsequently transferred to Wells Fargo.

Green is in default of her Note and Mortgage obligations and there is due and owing to Wells Fargo the sum of $37,759.84 with interest thereon at the rate of 8.5% per annum from June 22, 2005, late charges, and advances for property taxes, insurance, and amounts otherwise expended to protect the property.

When a party fails to properly serve an Answer to a Complaint, default judgment is appropriate.  Green is over two months delinquent in responding to the Counterclaim.  Once default in payment has been made under the terms of a Note, and once the Note has been accelerated, the holder of the Note is entitled to judgment.  *Bradford v. Hale* (1902), 67 Ohio St. 316, 65 N.E. 1008.  The Note provides at section 6(B) that the borrower will be in default if she does not make monthly payments in a timely manner.  Green has failed to make timely payments under the Note.  Green is in default on the Note and Mortgage obligations.

Wherefore, it is ORDERED, ADJUDGED AND DECREED that Wells Fargo is entitled to judgment against Green-Robinson in the amount of $37,759.84 with interest thereon at the rate of 8.5% per annum from June 22, 2005, late charges, and advances for property taxes, insurance, and amounts otherwise expended to protect the property.  Wells Fargo is also entitled to a Decree of Foreclosure as a matter of law.  Furthermore, this Court finds that the interests of Ohio, Citi, and Freddie Mac in the property are extinguished.

The interests of SN Commercial, SN Servicing Corporation and any other entity for which SN is servicing the Loan on the property will be released and Plaintiff will dismiss all claims against SN Servicing Corporation.  At that time, this Court will enter a final Judgment Entry and Decree in Foreclosure.

**IT IS SO ORDERED.**

/s/ Patricia A. Gaughan
**Judge Patricia Gaughan**     7/12/06

553327.1